UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| MICHELE RENEE LONG, ) | |
| ) | Case Number 16-50300 |
|     Debtor. ) | |
| ) | |
| JUDY A. ROBBINS, ) | |
| United States Trustee For Region Four, ) | |
| ) | |
|     Movant, ) | |
| ) | |
| *v.* ) | |
| ) | |
| ERYK G. BOSTON, ) | |
| ) | |
|     Respondent. ) | |

**MOTION TO REVIEW DEBTORS' TRANSACTIONS WITH COUNSEL**

Judy A. Robbins, United States Trustee for Region Four, by counsel, moves the court pursuant to 11 U.S.C. §§ 105(a), 307, and 329 to the review Debtor's transactions with Eryk G. Boston. In support of this motion, the United States Trustee respectfully states as follows:

*Jurisdiction And Venue*

1    Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for this motion are 11 U.S.C. §§ 105(a), 307, and 329.

2.    Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

3.    This is a core proceeding pursuant to 28 U.S.C. § 157(b).

*Background*

4.    Mr. Boston is a member of the bar of this court.

5.    On March 28, 2016, Mr. Boston filed the petition for the Debtor that commenced this case under chapter 7 of the bankruptcy code.

1

6. In support of the petition, Mr. Boston filed schedules and statements for the Debtor. Mr. Boston's signature on the petition certified to the court that he had "no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect."

7. Schedule F lists 27 creditors. For 24 creditors, the amount of the claim is listed as $0.00 and for 23 of those creditors other required information such as the last 4 digits of the account number or when the debt was incurred is not disclosed. For 1 creditor, the amount is listed as "Unknown" and the last 4 digits of the account number is not provided.

8. According to the Statement Of Financial Affairs, the Debtor was not party to any "lawsuit, court action, or administrative proceeding" in the year before their petition date.

9. Americredit Financial Services t/a GM Financial Inc., had a suit pending against the Debtor in the Frederick County General District Court and a hearing was set for April 21, 2016. GM Financial was one of only 2 creditors with an amount listed for its claim on Schedule F.

10. The United States Trustee appointed Robert S. Stevens to serve as the Debtor's chapter 7 trustee.

11. On May 11, 2016, Mr. Stevens conducted the Debtor's meeting of creditors.

12. During the meeting of creditors, Mr. Stevens called to the Debtor's attention the fact that Schedule F indicated $0.00 was owed to most of the creditors. Mr. Stevens asked, "Were there amounts owed?" and the Debtor testified under oath, "Yes." Subsequently, Mr. Boston told Mr. Stevens that "we have amounts in what I'd had her sign originally." Mr. Stevens requested the filing of amended documents within 7 days.

13. On June 23, 2016, the United States Trustee called to Mr. Boston's attention deficiencies with Schedule F and the Statement Of Financial Affairs.

2

14. According to the Rule 2016 disclosure signed by Mr. Boston, his fee agreement with the Debtor included "Preparation and filing of any petition, schedules, statement of affairs and plan which may be required".

15. Although nearly 2 months have passed since the meeting of creditors, no amended schedules or statements have been filed in this case.

16. According to the Rule 2016 disclosure signed by Mr. Boston, his fee agreement with the Debtor excluded "preparation and filing of reaffirmation agreements and applications as needed". A review of other Rule 2016 disclosures filed by Mr. Boston indicates that this purported exclusion of services is a standard part of his agreement with debtors.

17. The court has previously made factual findings that regarding Mr. Boston's representation of debtors. In re Carbaugh, 435 B.R. 638, 643 (Bankr. W.D. Va. 2011).

*Basis For Relief*

18. The court may enter any order necessary or appropriate to carry out the provisions of the bankruptcy code. 11 U.S.C. § 105(a).

19. The United States Trustee may raise and be heard on any issue. 11 U.S.C. § 307.

20. An attorney representing a debtor is required to disclose the compensation "paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." 11 U.S.C. § 329(a); Fed. R. Bankr. P. 2016. Furthermore, "A supplemental statement shall be filed and transmitted to the United States Trustee within 14 days after any payment or agreement not previously disclosed." Fed. R. Bankr. P. 2016(b).

3

21. To the extent excessive, a court may cancel a debtor's agreement with counsel for compensation or order the return of such compensation to the estate or entity that made the payment. 11 U.S.C. § 329(b); Fed. R. Bankr. P. 2017.

22. Although in this case Schedule D does not disclose any secured creditors, Mr. Boston should be prevented from attempting to exclude such services because:

> the subject of reaffirmation of debts which otherwise will be discharged in bankruptcy is of such importance to the relief being sought by the client that it is unreasonable to condone any attempted exclusion of any legal services related to such a matter from those legal services deemed essential to the full and requisite representation of a consumer bankruptcy debtor. In short, this is not a responsibility which the Court should permit a bankruptcy debtor to waive, as it is one of those essential services the attorney is to provide the client in arriving at a resolution of his or her obligations to creditors.

In re Harvey, 452 B.R. 179, 185 (Bankr. W.D. Va. 2010) (J. Stone).

23. The United States Trustee reserves the right to amend or supplement this motion and the relief requested.

WHEREFORE, the United States Trustee, by counsel, moves the court to review the Debtor's transactions with Mr. Boston and:

1. order the disgorgement of compensation received by Mr. Boston and/or disallow any undisclosed compensation agreed to be received that exceeds the value of the services rendered;

2. prohibit Mr. Boston from seeking to exclude from his representation of chapter 7 debtors representation with respect to reaffirmation agreements;

3. enter an order substantially in the form of the attached proposed order that setting the following terms and conditions on Mr. Boston's practice before this court:

> a. Prior to filing any bankruptcy case (except in the case of emergencies such as imminent foreclosure, repossession or garnishment or for other good cause shown), Mr. Boston will assemble all documentation ordinarily required by the

4

  chapter 7 panel and/or chapter 13 standing trustees, shall timely furnish the statutorily required payment advices and tax returns to the trustees, and shall promptly furnish all additional reasonably requested documentation to the case trustees;

  b. Prior to filing any bankruptcy case (except in the case of emergencies such as imminent foreclosure, repossession or garnishment or for other good cause shown), Mr. Boston will assemble all documentation ordinarily required to assist the debtors to accurately complete the schedules, statements, and other documents filed with the Court;

  c. Mr. Boston will personally review with the client the version of the schedules, statements, and any other documents to be filed with the court and witness their signature on the documents;

  d. In his review of the schedules, statement of financial affairs, and other documents filed on behalf of his clients in connection with the case, Mr. Boston will personally compare the information contained in the documents filed with the Court to ensure that the information is consistent with other items listed in the documents, and is consistent with tax returns, pay advices, and other documentation that he obtains from the debtors;

  e. Except in the case of emergencies such as imminent foreclosure, repossession or garnishment or for other good cause shown, Mr. Boston will file all required schedules, statements, and other documents with the petition;

  f. Mr. Boston will charge a reasonable fee and maintain and keep contemporaneous time records for all bankruptcy work;

  g. Mr. Boston shall not exclude from his representation of chapter 7 debtors representation with respect to reaffirmation agreements; and

  h. Mr. Boston will personally appear at his clients' Section 341 meetings. In the event of an emergency or scheduling conflict that prevents his appearance, Mr. Boston will assure that he obtains substitute counsel to appear at the Section 341 meeting with the client, will obtain the client's consent for the substitute to appear, and will make reasonable efforts to inform the substitute about the case to enable the substitute to provide adequate representation of the client at the Section 341 meeting;

  3. and grant such other relief as the court deems appropriate.

Date: July 7, 2016       Respectfully submitted,
               United States Trustee
               By: /s/ W. Joel Charboneau

## NOTICE OF HEARING

Please take notice that a **preliminary hearing** will be held on **August 17, 2016, at 10:00 a.m.** in the United States Bankruptcy Court located in Harrisonburg, Virginia.

### CERTIFICATE OF SERVICE

I certify that on July 7, 2016, I electronically filed the foregoing with the United States Bankruptcy Court for the Western District of Virginia and I mailed a copy by first class mail to:

Eryk G. Boston
125 Country Park Drive
Winchester, Virginia 22602

/s/ W. Joel Charboneau

W. Joel Charboneau (VSB #68025)
Office of the United States Trustee
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
540-857-2699
joel.charboneau@usdoj.gov

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| MICHELE RENEE LONG, ) | |
| ) | Case Number 16-50300 |
| _____Debtor._____ ) | |
| ) | |
| JUDY A. ROBBINS, ) | |
| United States Trustee For Region Four, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| ERYK G. BOSTON, ) | |
| ) | |
| _____Respondent._____ ) | |

**ORDER GRANTING *MOTION TO REVIEW DEBTORS' TRANSACTIONS WITH COUNSEL***

The matter before the Court is the *Motion To Review Debtors' Transactions With Counsel* filed on behalf of the United States Trustee. Having conducted a hearing on the matter, the Court finds that: jurisdiction over this case and matter is proper; venue is proper; this is a core proceeding; and, cause exists to the relief granted in this Order. Finding it proper to do so, it is

ORDERED

that for any case filed by Eryk G. Boston after the date of the entry of this Order, Mr. Boston will comply with the following terms and conditions:

1. Prior to filing any bankruptcy case (except in the case of emergencies such as imminent foreclosure, repossession or garnishment or for other good cause shown), Mr. Boston

7

will assemble all documentation ordinarily required by the chapter 7 panel and/or chapter 13 standing trustees, shall timely furnish the statutorily required payment advices and tax returns to the trustees, and shall promptly furnish all additional reasonably requested documentation to the case trustees;

2. Prior to filing any bankruptcy case (except in the case of emergencies such as imminent foreclosure, repossession or garnishment or for other good cause shown), Mr. Boston will assemble all documentation ordinarily required to assist the debtors to accurately complete the schedules, statements, and other documents filed with the Court;

3. Mr. Boston will personally review with the client the version of the schedules, statements, and any other documents to be filed with the court and witness their signature on the documents;

4. In his review of the schedules, statement of financial affairs, and other documents filed on behalf of his clients in connection with the case, Mr. Boston will personally compare the information contained in the documents filed with the Court to ensure that the information is consistent with other items listed in the documents, and is consistent with tax returns, pay advices, and other documentation that he obtains from the debtors;

5. Except in the case of emergencies such as imminent foreclosure, repossession or garnishment or for other good cause shown, Mr. Boston will file all required schedules, statements, and other documents with the petition;

6. Mr. Boston will charge a reasonable fee and maintain and keep contemporaneous time records for all bankruptcy work;

7. Mr. Boston shall not exclude from his representation of chapter 7 debtors representation with respect to reaffirmation agreements; and

8.      Mr. Boston will personally appear at his clients' Section 341 meetings.  In the event of an emergency or scheduling conflict that prevents his appearance, Mr. Boston will assure that he obtains substitute counsel to appear at the Section 341 meeting with the client, will obtain the client's consent for the substitute to appear, and will make reasonable efforts to inform the substitute about the case to enable the substitute to provide adequate representation of the client at the Section 341 meeting.

It is further

ORDERED

that, with respect to this case, Mr. Boston shall refund        ($     .00) to the Debtor.

The Clerk is directed to send electronic notifications of the entry of this Order to all registered users of the CM/ECF System that have appeared in this case and no further service shall be necessary.

ENTER:_____

_____
Chief United States Bankruptcy Judge

REQUESTED:
United States Trustee
By: /s/ W. Joel Charboneau
Office of the United States Trustee
W. Joel Charboneau (VSB #68025)
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
540-857-2699
joel.charboneau@usdoj.gov

SEEN:
Eryk G. Boston
By: /s/